Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David W. McKeague | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1959 | **DATE** | 6/11/2001 |
| **CASE TITLE** | Jones,etal vs. Scientific Colors,Inc.,etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's objections are overruled and the denial of the motion to compel is affirmed. The magistrate judge did not clearly err. His ruling is therefore affirmed.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 107 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN 13 PM 3: 40 | 6/13/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORMAN JONES, et al.

    Plaintiffs,

v.

SCIENTIFIC COLORS, INC.,
d/b/a APOLLO COLORS, INC.,

    Defendant.
_____/

HON. DAVID W. McKEAGUE*

Case No. 99 C 1959

DOCKETED
JUN 1 4 2001

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

SCIENTIFIC COLORS, INC., d/b/a
APOLLO COLORS,

    Defendant.
_____/

Case No. 00 C 0171

**MEMORANDUM OPINION AND ORDER UPHOLDING
MAGISTRATE JUDGE'S ORDERS OF MAY 9, 2001**

On May 9, 2001, Magistrate Judge Ian H. Levin conducted a hearing on various motions in these consolidated cases and issued rulings on three motions. First, he denied the motion of the individual plaintiffs, Norman Jones, et al., to bar testimony by expert witnesses whose names and reports were not timely disclosed by defendant Scientific Colors. Plaintiffs now object to this ruling pursuant to Fed. R. Civ.P. 72(a). Second, the magistrate

---

*United States District Judge, Western District of Michigan, sitting by designation.

judge denied the motion of defendant Scientific Colors to compel answers to certain deposition questions addressed to plaintiff Terry Fuller. Defendant objects to this ruling. And finally, the magistrate judge granted the motion of plaintiff Equal Employment Opportunity Commission ("EEOC") to bar defendant from asking claimants in their depositions whether they have ever been arrested (unless the arrest has led to a conviction where the conviction or release from sentence occurred less than 12 years ago). Defendant also objects to this ruling.

Under Rule 72(a), any ruling of the magistrate judge will be modified or set aside only upon a showing that it is clearly erroneous or contrary to law.

I

Plaintiffs object to the denial of their motion to bar expert testimony. In denying the motion, the magistrate judge observed that excluding testimony is a harsh sanction. He also observed that defendant's failure to identify rebuttal experts and furnish rebuttal expert reports by April 16, 2001, may have been attributable, at least in part, to an excusable misunderstanding on the part of defendant's counsel. The magistrate judge ruled that defendant could have until May 15, 2001 to produce its rebuttal expert reports. Plaintiffs contend this extension of the deadline to a date a mere two weeks prior to the close of discovery prejudices them in their ability to timely complete discovery.

-2-

Having duly considered plaintiff's motion, as well as the transcript of the hearing conducted by the magistrate judge, the Court finds no clear error in the ruling. Plaintiffs have failed to specifically identify the nature of any unfair prejudice. *If* timely completion of discovery becomes a problem, *then* remedies less severe than excluding testimony can be explored. Accordingly, plaintiffs' objections are **OVERRULED** and the order denying the motion to exclude expert testimony is **AFFIRMED**.

## II

Defendant Scientific Colors objects to denial of its motion to compel plaintiff Fuller to answer deposition questions regarding his use of drugs and regarding past acts or threats of domestic violence. The magistrate judge denied the motion, finding the line of questioning irrelevant. Defendant argues that plaintiff Fuller's hostile work environment claim, seeking damages for mental anguish, places his psychological well-being at issue. Because any history of drug use or domestic violence may also have affected his psychological well-being, defendant contends its questions are reasonably calculated to lead to the discovery of admissible evidence.

Defendant has failed to persuade the Court that the magistrate judge's ruling is clearly erroneous. There may be a hypothetical possibility that such inquiries will lead to discovery of relevant information. However, the slight probative value of such

information would appear to be substantially outweighed by its potential for unfair prejudice, confusion of the issues, and waste of time on collateral matters. Defendant's objections are **OVERRULED** and the denial of the motion to compel is **AFFIRMED**.

### III

Finally, defendant objects to the order barring its inquiries into the EEOC claimants' arrest records. The magistrate judge concluded such inquiries represented fishing expeditions designed to harass the claimants. Defendant contends the inquiries may lead to information bearing on claimants' psychological well-being.

Again, the Court finds the proffered connection too attenuated. Whether any of the claimants have been previously arrested - as opposed to convicted - is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten. The magistrate judge did not clearly err. His ruling is therefore **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: June 11, 2001

_____
DAVID W. McKEAGUE
UNITED STATES DISTRICT JUDGE