# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David W. McKeague | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1959 | **DATE** | 7/30/2001 |
| **CASE TITLE** | Jones, etal vs. Scientific Colors, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Oder: Plaintiffs' motion for leave to file their proposed second amended complaint (121-1) is granted, subject to the condition that the resulting withdrawal of plaintiff Norman Jones' constructive discharge theory of relief is deemed equivalent to a voluntary dismissal with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 6 2001 | 16 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FD-7 FILED FOR DOCKETING | 8/2/2001 date mailed notice | |
| GL | courtroom deputy's initials | 01 AUG -3 AM 9: 15 | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORMAN JONES, et al.

    Plaintiffs,                       HON. DAVID W. McKEAGUE*

v.

                                     Case No. 99 C 1959

SCIENTIFIC COLORS, INC.,
d/b/a APOLLO COLORS, INC.,

    Defendant.
_____/

UNITED STATES EQUAL EMPLOYMENT      Case No. 00 C 0171
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

SCIENTIFIC COLORS, INC., d/b/a
APOLLO COLORS,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING LEAVE TO AMEND**

Now before the Court, in these two consolidated actions, is the motion of the individual plaintiffs for leave to file a second amended complaint. The one-sentence motion is accompanied by a copy of the proposed second amended complaint; however, plaintiffs have filed no brief in support of the motion. Thus, although the May 11, 2000 case management order established a June 1, 2000 deadline for motions to amend the pleadings, plaintiffs offer no

---

    *United States District Judge, Western District of Michigan, sitting by designation.

explanation for the requested leave to amend, filed more than one year late.

Ostensibly, the only change effected by the proposed second amended complaint is the deletion of one allegation from count I of the first amended complaint, asserting a claim under 42 U.S.C. § 1981 on behalf of plaintiff Norman Jones. Specifically, plaintiffs would delete their present allegation, contained in ¶ 19 of count I, that "in July, 1998, working conditions became so difficult because of defendant's discriminatory acts that Jones was compelled to resign." Also deleted from ¶ 20 and from the count I prayer for relief would be any claim for lost wages, loss of employment and loss of future earning potential.

Defendant Scientific Colors has no objection to the proposed deletions. However, inasmuch as the Court has discretion under Fed. R. Civ. P. 15(a) to grant leave to amend in accordance with the ends of justice, defendant asks the Court to grant leave to amend subject to two conditions. First, defendant asks the Court to rule that the proposed amendment would not adversely impact its own counterclaim against defendant Jones. Second, defendant would have the Court rule that the amendment operates as a voluntary dismissal of plaintiff Jones' "constructive discharge" claim, with prejudice. Plaintiffs object to the proposed conditions.

-2-

The parties rightly recognize that plaintiffs' proposed withdrawal of a single claim, or a part thereof, but not others, is properly treated as an amendment under Fed. R. Civ. P. 15(a), rather than a voluntary dismissal under Fed. R. Civ. P. 41(a)(2). *See Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998). Under Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires," the Court nonetheless has discretion to impose conditions when leave to amend is allowed. *Id.*; *Polycast Technology Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926, 939 (S.D. N.Y. 1989); *In re Orthopedic Bone Screw Products Liability Litigation*, 1998 WL 633680, at *2 (E.D. Pa.).

In the exercise of this discretion, the Court remains unpersuaded that defendant's first proposed condition is appropriate. Whether this Court can or should retain jurisdiction over defendant's counterclaim against plaintiff Norman Jones, notwithstanding the proposed amendment, is a question that is not presently before the Court and one that has not been briefed. Defendant has failed to persuade the Court that justice requires leave to amend be conditioned on some sort of assurance that jurisdiction over the counterclaim will be retained.

The second proposed condition, however, makes more sense. Under Fed. R. Civ. P. 16(b), a showing of good cause is prerequisite to modification of the case management schedule. Here,

plaintiffs have not offered any explanation, much less made a showing of good cause, for their late proposed amendment of the complaint. Despite defendant's objections to the proposed leave to amend and opportunity to respond thereto, plaintiffs have offered no explanation whatsoever for the timing of their motion. Inasmuch as discovery has recently concluded, the Court is left to assume that discovery failed to uncover sufficient factual support for plaintiff Norman Jones' constructive discharge theory of relief to warrant proceeding with it. If this is so, the Court is left to wonder why the weakness of the claim did not become apparent earlier.

Plaintiffs contend that defendant is not prejudiced by the proposed amendment and that leave should therefore be granted unconditionally. This argument ignores the fact that defendant has, for the last 16 months (i.e., since the first amended complaint was filed), incurred the expense of preparing to defend against the constructive discharge theory of relief.

Absent any mitigating explanation from plaintiffs, the interests of justice require that leave to withdraw this portion of plaintiff Jones' § 1981 claim be granted subject to prejudice. *See Bibbs*, 997 F. Supp. at 1177. Indeed, plaintiffs have offered no explanation why the proposed withdrawal of the constructive discharge theory should be without prejudice.

Accordingly, plaintiffs' motion for leave to file their proposed second amended complaint is **GRANTED**, subject to the condition that the resulting withdrawal of plaintiff Norman Jones' constructive discharge theory of relief is deemed equivalent to a voluntary dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: July 30, 2001

／s／ David W. McKeague
DAVID W. McKEAGUE
UNITED STATES DISTRICT JUDGE